CENTER FOR COMPETITIVE DEMOCRACY

December 8, 2022

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

    Re:    *Gill v. Sholz*, No. 22-1653 – Citation of Supplemental Authorities

To the Clerk:

Pursuant to Federal Rule of Appellate Procedure 28(j), Appellants respectfully submit the following citations to supplemental authorities relating to questions that arose during oral argument on December 5, 2022.

The Court asked whether courts have held that a redistricting moots constitutional challenges to ballot access requirements for district-level offices. Appellants are unaware of any such case. On the contrary, the few courts that have addressed the issue appear to be unanimous in concluding that it does not. *See Lux v. Judd*, 651 F.3d 396, 401 (4th Cir. 2011) (redistricting did not moot candidate's challenge to petitioning restrictions); *Morrill v. Weaver*, 224 F. Supp. 2d 882, 890 (E.D. Pa. 2002) (same); *see also Kahn v. Griffin*, 701 N.W. 2d 815, 821-23 (Minn. 2005) (redistricting did not moot equal protection challenge to malapportioned districts). In each of these cases, the courts concluded that the challenges were not moot because the controversies were capable of repetition yet evading review. This Court has also recognized that a declaratory judgment on the propriety of electoral redistricting is not moot, even when the next election will not occur until after data from the next census becomes available, if the lawsuit challenges a policy with "lasting effects." *Milwaukee Police Association v. Bd. of Fire & Police Com'rs*, 708 F.3d 921, 931 (7th Cir. 2013) (citations omitted).

The Court also asked counsel to identify candidates for Congress who ran in districts in which they did not reside. Dr. Gill himself did not reside in Illinois' 13th Congressional District when he ran for that office in 2016. *See* Supp. Aff. of D. Gill (ECF No. 10) ¶ 1 (attesting that Dr. Gill was a resident of Bloomington, Illinois). Additionally, Courts have adjudicated ballot access challenges brought by other candidates for Congress who did not reside in the districts in which they ran. *See, e.g.*, *Lux*, 651 F.3d at 398 & n.2 (candidate's non-resident status did not affect eligibility to run for congressional seat); *Morrill*, 224 F. Supp. 2d at 890 & n.10 (E.D. Pa. 2002) (same).

CENTER FOR COMPETITIVE DEMOCRACY · P.O. Box 21090, Washington, DC 20009 · (202) 248-9294

**Clerk of Court**
**December 8, 2022**
**Page 2 of 2**

Respectfully submitted,

Oliver B. Hall
Counsel for Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2022 I filed the foregoing document using the Court's CM/ECF system, which will cause service to be made on all counsel of record.

*/s/Oliver B. Hall*
Oliver B. Hall
Counsel for Appellants